# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN A. HEILIMANN,** : | No. 3:14cv1271 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **STATE TROOPER THOMAS** : | |
| **O'BRIEN; Individually and as a State** : | |
| **Trooper for the Commonwealth of** : | |
| **Pennsylvania; STATE TROOPER** : | |
| **PETER P. NEMSHICK Individually** : | |
| **and as a State Trooper for the** : | |
| **Commonwealth of Pennsylvania;** : | |
| **CORY MOODY; AGENT CHRISTOPHER** : | |
| **CARDONI; Individually and as a member** : | |
| **of the Pennsylvania Gaming Control** : | |
| **Board; MOUNT AIRY, NO. 1,** : | |
| **LLC d/b/a MT. AIRY CASINO;** : | |
| **JOHN DOE CASINO** : | |
| **DEFENDANTS #1-25, Individually** : | |
| **and as employees of Mt. Airy** : | |
| **Casino; JANE DOE CASINO** : | |
| **DEFENDANTS #1-25, Individually and** : | |
| **as employees of Mt. Airy Casino,** : | |
| **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition are Defendants Mount Airy No.1 LLC

d/b/a Mt. Airy and Cory Moody (hereinafter "casino defendants") and

Defendants State Trooper Thomas O'Brien, State Trooper Peter P.

Nemshick and Agent Christopher Cardoni (hereinafter collectively

"Commonwealth defendants") motions to dismiss the Plaintiff Ryan A. Heililmann's complaint. The parties have briefed their respective positions and the matter is ripe for disposition.

**Background**

Plaintiff visited Defendant Mount Airy Casino on August 25, 2012 for an evening of entertainment. (Doc. 1, Compl. ¶ 13). Plaintiff planned on seeing rap artist Ice T at the casino's "Gypsies" night club. (Id.) While at the night club, plaintiff began dancing with a young woman and subsequently stumbled. (Id. ¶ 14). The defendant state troopers and casino employees approached plaintiff and escorted him from the dance floor. (Id.)

Plaintiff asked the defendants the reason why he had been escorted off the dance floor. (Id. ¶ 17). He did not resist the actions of the defendants - he merely asked questions. (Id. ¶ 18). Defendant Troopers O'Brien and Nemshick became belligerent with the plaintiff. (Id. ¶ 19). The troopers did not answer plaintiff's question, rather they became angry and derisive. (Id. ¶ 20). Eventually, they handcuffed the plaintiff and took him to the Pennsylvania State Police Gaming Enforcement Office located within the casino. (Id. ¶ 26). They continued to fail to answer plaintiff's question

as to why they detained him.  (Id. ¶ 27).

Plaintiff then asked to speak with an attorney, which request the defendants denied.  (Id. ¶ 31).  Defendant Trooper O'Brien assaulted the plaintiff "with the assistance, cooperation, and/or tacit approval of Defendant Trooper Nemshick, Defendant Cardoni, Defendant Moody and John and Jane Doe Defendant Casino Defendants[.]"  (Id. ¶ 33).  He took hold of plaintiff's ankle, twisted it and broke it.   (Id. ¶ 34).

The Commonwealth y then arrested plaintiff and he was arraigned on the following charges:

1) Aggravated assault as a felony of the second degree, 18 PENN. CONS. STAT. ANN.  § 2702;

2) Resisting arrest, 18 PENN. CONS. STAT. ANN. § 5104;

3) Disorderly conduct as a misdemeanor of the third degree pursuant to 18 PENN. CONS. STAT. ANN. § 5503;

4) Public drunkenness, 18 PENN. CONS. STAT. ANN. § 5505;

5) Harassment, as a summary offense, 18 PENN. CONS. STAT. ANN. § 2709.  (Id. ¶ 37).

Accordingly, plaintiff faced criminal prosecution and the threat of

3

years in prison. (Id. ¶ 46). A jury, however, found plaintiff not guilty of Aggravated Assault and Disorderly Conduct. (Id. ¶ 45). A Monroe County Court of Common Pleas Judge found him guilty of two summary offenses, public drunkenness and harassment. (Id.) The judge dismissed the resisting arrest charge on a motion for judgment of acquittal. (Id.)

Plaintiff asserts that the prosecution against him was "malicious" and that he suffered severe physical pain, emotional trauma and lost significant income as a result of his broken ankle and malicious prosecution. (Id. ¶¶ 47-48). As a result, plaintiff filed the instant thirteen-count complaint, which raises the following issues: Count I- a 42 U.S.C. § 1983 (hereinafter "section 1983") claim for excessive force; Count II- State law claim for battery; Count III- Section 1983 claim for assault; Count IV- State law claim for assault; Count V- Section 1983 claim for unlawful arrest; Count VI- State law claim for false imprisonment; Count VII- Section 1983 claim for conspiracy; Count VIII- State law claim for conspiracy; Count IX- State law claim for intentional infliction of emotional distress; Count X-State law claim for negligent infliction of emotional distress; Count XI- Section 1983 claim for malicious prosecution; Count XII- State law claim for malicious prosecution; Count XIII- Vicarious liability claim as to Defendant Mount Airy

No. 1, LLC d/b/a/ Mount Airy Casino.  (Id. ¶¶ 58-89).  Plaintiff seeks compensatory damages, punitive damages, interest, injunctive relief and reasonable attorney fees and costs.  (Id. ¶ 91).

In response to the complaint, the Commonwealth defendants and the casino defendants filed motions to dismiss.  The motions have been briefed and are now ripe for disposition.

**Jurisdiction**

As this case is brought pursuant to section 1983, for a violation of the plaintiff's constitutional rights, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal standard**

This case is before the court pursuant to defendants' motions to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts

alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To overcome a 12(b)(6) motion to dismiss, plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the

complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

As set forth above, the Casino Defendants and the Commonwealth Defendant filed motions to dismiss.  We will discuss them separately beginning with the Commonwealth Defendants.

**I. Commonwealth defendants' motion to dismiss**

The Commonwealth defendants move to dismiss Counts II, IV, VI, VIII-X and XII of the plaintiff's complaint, that is the state law causes of action. (Doc. 13, Motion To Dismiss).  The Commonwealth defendants assert that these counts should be dismissed because the state sovereign immunity doctrine bars them.

Plaintiff concedes that the state law claims should be dismissed as to the Commonwealth defendants.  (Doc. 15, Pl.'s Res. To Com. Defs. Motion To Dismiss).  Accordingly, the Commonwealth defendants' motion to dismiss Counts II, IV, VI, VIII-X and XII of the plaintiff's complaint will be granted as unopposed.

**II. Casino defendants**

The casino defendants have also filed a motion to dismiss. The motion to dismiss addresses the plaintiff's federal civil rights causes of action, specifically Counts I, III, V, VII and XI of the complaint. The Casino defendants argue that section 1983 civil rights claims may only be brought against "state actors" and they are not state actors. Therefore no section 1983 claim may be brought against them. If the federal claims are dismissed, the Casino Defendants seek dismissal of the state law claims as well, or transfer of the claims to the Monroe County Court of Common Pleas. Likewise, they seek dismissal of plaintiff's claim for attorney's fees and punitive damages. After a careful review, we find no merit to the Casino defendants' arguments.

As noted above, the plaintiff's bring the federal civil rights claims pursuant to section 1983. To establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under of color of state law, that is a "state actor". Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. <u>Sameric Corp. of Del., Inc. v. City of Phila.</u>, 142 F.3d 582, 590 (3d Cir. 1998). Section 1983 does not,

by its own terms, create substantive rights.  Rather, it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws.  United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996).

Generally, private actors do not act under color of state law, thus are not liable under section 1983.  In certain circumstances, however, a private individual/entity may be treated as a state actor if a close nexus exists between the private parties and state actors.  See Lashko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005).

The United States Supreme Court has articulated several tests to determine whether a private individual may "fairly be said to be a state actor."  Among these tests is the "symbiotic relationship test".  Plaintiff argues that this test allows the casino defendants to be held liable under section 1983.  The defendants dispute the application of the "symbiotic relationship test" and whether the alleged conspiracy may make the casino security guards liable as state actors.  We will address each of these arguments, in turn.

I. *Symbiotic Relationship Test*

Plaintiff first relies on the "symbiotic relationship test" initially

announced by the Supreme Court in <u>Burton v. Wilmington Parking Authority</u>, 365 U.S. 715 (1961), where the Court found that a private restaurant's discriminatory practices could be treated as state action. The restaurant was located in the state-owned parking authority and the "profits earned by discrimination not only contribute[d] to, but also [were] indispensable elements in, the financial success of a governmental agency." <u>Id.</u> at 724. In <u>Crissman v. Dover Downs Entertainment, Inc.</u>, the Third Circuit Court of Appeal interpreted <u>Burton</u> as directing the following analysis:

> [W]e conclude that <u>Burton</u> stands for the proposition that, if a "symbiotic" relationship does exist, then, by virtue of the close involvement of the state and interdependence of the actors in the association formed and the challenged activity, the conduct complained of is in fact "fairly attributable" to the state. Instead of examining the conduct and, then, the state's role in it, <u>Burton</u> would have us look first at the relationship and test whether the conduct could be linked to the joint beneficial activities-as it was in <u>Burton</u> due to the essential revenues flowing from the discriminatory restaurant operation. We view <u>Burton</u>, then, not as an exception to the rule that the conduct complained of must be fairly attributable to the state, but, rather, as providing another vantage point or way of assessing the necessary connection to the state.

<u>Crissman v. Dover Downs Entm't Inc.</u>, 289 F.3d 231, 240-41 (3d Cir. 2002).

We find plaintiff has made sufficient allegations that a symbiotic

relationship existed between casino defendants and the Commonwealth defendants.

Plaintiff's complaint alleges:

1) Defendant Mount Airy Casino houses a Gaming Enforcement Office of the Pennsylvania State Police on its premises (Doc. 1, Complaint (hereinafter "Compl.") ¶ 4);

2) The State Troopers "have authority to investigate allegations of criminal activity inside of the casino" (Id. ¶ 5).

3) The casino's security personnel "work closely with the State Troopers who in turn are defendant on Mount Airy Security for monitoring and communication of activities on the Casino floor." (Id. ¶ 6).

4) "At all times relevant to this action [the individual casino defendants] worked in concert with the Defendant Troopers in the stop, questioning, and arrest of [plaintiff.]" (Id. ¶ 7).

Generally, the plaintiff alleges that the casino depends on the Pennsylvania State Police to provide law enforcement and security services. The Pennsylvania State Police relies on the casino to give them access to an on site office, assistance in making stops/arrests and providing security footage to help in prosecuting cases. Thus, they are

engaged in a mutually beneficial relationship with the purpose of ensuring that laws are complied with at the casino.  Therefore, the Commonwealth defendants and the casino defendants have a mutually beneficial relationship like the defendants in the Burton case.  Under the "symbiotic relationship test" the casino defendants may be held liable for a section 1983 action.  Therefore, the casino defendants' motion to dismiss will be denied.

*II. Conspiracy claim*

Count VII of plaintiff's complaint alleges a section 1983 claim for conspiracy.  The casino defendants allege that plaintiff's complaint fails to sufficiently allege a conspiracy.  We disagree.

The law provides that a section 1983 conspiracy claim must contain specific factual allegations of combination, agreement or understanding among all or between any of the defendants to plot, plan or conspire to carry out the challenged conduct."  Wood v. Williams, 568 F. App'x 100, 107 (3d Cir. 2014) (internal quotation marks, citation omitted).

We find that the defendant's argument is without merit.  Throughout the complaint are allegations that the casino's security personnel and the state troopers acted in concert with each other to arrest and mistreat the

plaintiff, and then acted in concert to cover up their inappropriate behavior. For example, the complaint asserts that after the arrest, the individual casino defendants and the state troopers "met among themselves and discussed their statements, their testimony, and the creation of paperwork in order to further their conspiracy to violate [plaintiff's] rights under color of state law." (Compl. ¶ 38).

Taking the complaint as a whole, we find that the plaintiff has properly pled a conspiracy and this portion of the defendant's motion to dismiss will be denied.

### III. *The Remainder of the defendants' arguments*

The remainder of the defendants' arguments are based on the premise that the plaintiff's federal section 1983 action will be dismissed. Because we will not dismiss the section 1983 claims, we need not address the remainder of defendants' arguments. They will be denied because the plaintiff's section 1983 claims will proceed.

### Conclusion

In conclusion, the Commonwealth Defendants motion to dismiss Counts II, IV, VI, VIII-X and XII will be granted as unopposed. The Casino Defendants' motion to dismiss will be denied. An appropriate order

follows.

**Date: Feb. 19, 2015**              **s/ James M. Munley**
                                      **Judge James M. Munley**
                                      **UNITED STATES DISTRICT COURT**