**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RYAN HEILIMANN | : | |
| | : | |
| v. | : | No. 3:14-cv-01271 |
| | : | |
| STATE TROOPER THOMAS O'BRIEN; | : | |
| STATE TROOPER PETER P. NEMSHICK; | : | |
| CORY MOODY; | : | Jury Trial Demanded |
| AGENT CHRISTOPHER CARDONI; | : | |
| MOUNT AIRY NO. 1, LLC | : | |
| d/b/a MT. AIRY CASINO; and | : | |
| JOHN DOE CASINO DEFENDANTS #1-25; | : | |
|    And | : | |
| JOHN DOE CASINO DEFENDANTS #1-25; | : | |

**JOINT CASE MANAGEMENT PLAN**

**1. Principal Issues**

1.1   Separately for each party, please give a statement summarizing this case:
By plaintiff:

On August 25, 2012, Plaintiff Ryan Heilimann went to the Mount Airy Casino at 312 S. R. 45100, Mount Pocono, PA 18344 for an evening of entertainment. When Mr. Heilimann arrived at the Gypsies nightclub he began to dance with a young woman. While dancing, Mr. Heilimann stumbled and the Defendant Troopers, along with employees of the Mount Airy Casino approached Mr. Heilimann and escorted him from the dance floor.

The Defendants physically led Mr. Heilimann from the Gypsies' Nightclub Dance Floor. The Defendants pushed Mr. Heilimann out the door and against a stack of chairs outside of the Gypsies nightclub. Mr. Heilimann did not attempt to strike or resist the Defendant Troopers or Defendant Moody and/or the John and Jane Doe Casino Defendants and did no more than ask questions. At this point, they arrested Mr. Heilimann and escorted him through the casino. This handcuffing and arrest was legally unjustified.

One of the casino defendants escorted Mr. Heilimann with the Troopers and opened the

elevator and various security doors for the Defendant Troopers to lead them to a Pennsylvania State Police Gaming Enforcement Office, located within the Mount Airy Casino. While inside the Gaming Enforcement Office, Mr. Heilimann continued to ask why he was being arrested and asked to speak an attorney, instead of answering his questions or allowing him to consult with counsel, Defendant Trooper O'Brien, with the assistance and cooperation of Defendant Trooper Nemschick, Defendant Cardoni, Defendant Moody, and John and Jane Doe Defendant Casino Defendants assaulted Mr. Heilimann. Mr. Heilmann was intentionally thrown to the ground while he was handcuffed and shackled to a bench and with the intent to cause bodily injury, twisted his ankle until it broke. This action resulted in a compound fracture of Mr. Heilimann's ankle. Mr. Heilimann had to go to the hospital following this assault.

### By Defendants Mount Airy #1, LLC d/b/a Mount Airy Casino and Cory Moody (hereinafter collectively referred to as Mount Airy Defendants)

Per the Incident Report prepared by Security Shift Manager Cory Moody in connection with this incident, Mr. Moody was called to Gypsies Nightclub. While en route, he observed Mr. Heilimann in handcuffs being escorted to the PSP office by Troopers O'Brien and Nemschick.

Trooper O'Brien advised Mr. Moody that the Troopers were in Gypsies and observed Mr. Heilimann reach behind a female patron, grab her rear end, and start kissing her. The female pushed Mr. Heilimann away. Mount Airy Security Officer Ndao then escorted Mr. Heilimann from the premises and the Troopers followed. Trooper O'Brien reported that Mr. Heilimann was intoxicated and he was asked if he could call someone to take him home. Trooper O'Brien reported that Mr. Heilimann then became disorderly and was arrested.

Mr. Moody observed Mr. Heilimann on the ground yelling. Trooper O'Brien went to move a coat rack that was near Mr. Heilimann and while he was doing so, Mr. Heilimann got to

his feet and attempted to kick Trooper O'Brien in the face. Trooper O'Brien then pushed Mr. Heilimann to the floor and advised him he would be charged with harassment, resisting arrest, aggravated assault, public drunkenness and disorderly conduct. Mr. Moody permanently trespassed Mr. Heilimann, informing him that if he ever returned to the Casino he would be fined and/or arrested. Troopers O'Brien and Nemschick took Mr. Heiliman to the County Jail and Mr. Moody asked Officer Ndao to have the female from Gypsies complete a Voluntary Statement.

Per her Voluntary Statement, the female was April Ferguson, age 29, 4366 Wickham Avenue, Bronx, NY 10466. She indicated Mr. Heilimann was "grabbing her behind" and kissing her neck". She denied knowing him and noted that it was "weird".

Following the disposition of the charges against him, Plaintiff brought his Complaint, alleging constitutional and state law violations in connection with the incident as aforesaid.

Defendants deny that they are state actors and argue that the constitutional claims against them must fail. Defendants further argue that the civil rights claims against Mount Airy #1, LLC must fail as there is no Section 1983 liability based upon respondeat superior.

Defendants further take the position that Plaintiff has failed to plead facts sufficient to support his remaining claims. Defendants further argue that the imposition of punitive damages in this instance is improper.

**By Defendants Trooper Thomas O'Brien, Trooper Peter Nemshick, and Agent Christopher Cardoni (hereinafter "Commonwealth Defendants")**

On August 26, 2012, while patrolling Gypsies Night Club, located in Mt. Airy Casino, Trooper O'Brien and Trooper Nemshick observed Plaintiff kissing and fondling a female patron in what appeared to be an unwelcome manner. It was later confirmed that the female patron did not know Plaintiff, nor were his advances welcome. The Troopers observed that Plaintiff's was visibly intoxicated. As a result of his conduct, Trooper O'Brien and Trooper Nemshick escorted

Plaintiff out of the night club into an enjoining hallway.

Initially, it was the Troopers intent, based on Plaintiff's level of intoxication, to determine if someone was available to take Plaintiff home. At that point, Plaintiff became belligerent with the Troopers and was subsequently placed under arrest for Public Drunkenness and Harassment. The Troopers took Plaintiff to the Pennsylvania State Police (hereinafter "PSP") Gaming Enforcement Office, located within the casino. Plaintiff was secured to a security bench, with his hands in handcuffs behind his back.

After completing paperwork, Trooper O'Brien went to move a coat rack that was near the bench where Plaintiff was secured. While doing so, Plaintiff got to his feet and attempted to kick Trooper O'Brien in the face. Trooper O'Brien pushed Plaintiff away to avoid being kicked, causing both individuals to fall to the floor. Trooper O'Brien landed on top of the Plaintiff. With the assistance of Trooper Nemshick, Trooper O'Brien was able to get Plaintiff under control. Plaintiff screamed, yelled, and cursed at the Commonwealth Defendants while in the PSP Gaming Enforcement Office.

After completing the criminal complaint, Plaintiff was informed that he was going to be charged with, amongst other things, aggravated assault. That that point, Plaintiff began complaining on an ankle injury. Trooper O'Brien and Trooper Nemshick escorted Plaintiff through the casino, in handcuffs. Plaintiff was taken to a local hospital and then to the local district magistrate's office, where he was formally charged.

    1.2    The facts the parties <u>dispute</u> are as follows:
All details of the incident are disputed.

    <u>agree</u> upon are as follows:

(A)    Defendant Cory Moody was acting in the course and scope of his employment

with Mount Airy #1, LLC

    1.3    The legal issues the parties <u>dispute</u> are as follows:

Whether Mount Airy Defendants were state actors;

Whether Mount Airy Defendants acted under color of state law;

Whether the civil rights claims against Mount Airy #1, LLC must fail because there is no § 1983 liability based upon respondeat superior;

Whether Plaintiff has claims under § 1983 against the Commonwealth Defendants;

Whether the Commonwealth Defendants are entitled to immunity for the allegations made by Plaintiff;

Whether Plaintiff's remaining claims are supported under the law;

Whether Plaintiff sustained any damages;

Whether the demand for, or imposition of, attorney's fees, is appropriate;

Whether the demand for, or imposition of, punitive damages is appropriate.

    agree upon are as follows:

None.

    1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

    1.5    Identify any named parties that have not yet been served:

None.

    1.6    Identify any additional parties that:

plaintiff(s) intends to join:

defendant(s) intends to join:

On behalf of Defendants Mount Airy #1, LLC and Cory Moody, none.

On behalf of the Commonwealth Defendants, none.

    1.7    Identify any additional claims that:

plaintiff(s) intends to add:

defendant(s) intends to add:

On behalf of Defendants Mount Airy #1, LLC and Cory Moody, none.

On behalf of the Commonwealth Defendants, none.

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Defendants Mount Airy #1, LLC and Cory Moody:

| Name | Title/Position |
|---|---|
| Ryan Heilimann | Plaintiff |
| Cory Moody | former Security Shift Manager |
| Matthew Magda | Vice President of Operations |
| Lianne Asbury | Director of Security |
| Youssoupha Ndao | Security Officer |
| April Ferguson | Witness |
| Trooper Peter Nemschick | PSP |
| Trooper Thomas O'Brien | PSP |

Disclosed by plaintiff Ryan Heilimann:

| Name | Title/Position |
|---|---|
| Ryan Heilimann | Plaintiff |
| Dr. Carl Barbera | Treating Physician, Orthopedic Associates of Dutchess County |
| Amanda Perrotta | Girlfriend |

Disclosed by Commonwealth Defendants

| Name | Title/Position |
|---|---|
| Ryan Heilimann | Plaintiff |
| Cory Moody | former Security Shift Manager |
| Youssoupha Ndao | Security Officer |
| April Ferguson | Witness |
| Trooper Peter Nemschick | PSP |
| Trooper Thomas O'Brien | PSP |
| Agent Christopher Cardoni | Gaming Control Board |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| 12(b)(6) Motion | | Previously decided |
| Summary Judgment | Commonwealth Defendants | At the close of discovery, if warranted |

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):
Plaintiff intends to serve written discovery on Defendants. In addition, plaintiff intends to subpoena any reports or prior statements written and recorded by the defendants. Plaintiff intends to subpoena the personnel files of the casino employees, gaming enforcement employees, and any internal affairs/personnel files for the state troopers.

By defendant(s):
Mount Airy Defendants intend to serve written discovery on Plaintiffs. In addition, they intend to subpoena medical providers in response to Plaintiff's claims. They also intend to subpoena Plaintiff's personal employment and financial records relative to his claims.

Commonwealth Defendants intend to serve written discovery on Plaintiffs. In addition, they intend to subpoena medical providers in response to Plaintiff's claims. They also intend to subpoena Plaintiff's personal employment and financial records relative to his claims.

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

By plaintiff:
(a) Interrogatories to Defendants
(b)    Request for Production of Documents to Defendants
(c) Depositions as necessary

By Mount Airy Defendants:
(a) Interrogatories to Plaintiff
(b)    Request for Production of Documents to Plaintiff
(c) Depositions as necessary
(d) Subpoenas to various medical providers, once identified by Plaintiff. Governmental agencies, employers to obtain personal and business tax returns and other records.

By Commonwealth Defendants:
(a)    Interrogatories to Plaintiff and co-Defendants;
(b)    Request for Production of Documents to Plaintiff and co-Defendants;
(c)    Depositions, as necessary;
(d)    Subpoenas to various medical providers, once identified by Plaintiff.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None at this time.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits   recommended by plaintiff(s) and by defendant(s)):

4.5.1  depositions (excluding experts) to be taken by:

   plaintiff(s):____   defendant(s):____

  The parties agree to 15 depositions per side. The parties agree that each party will have leave to request additional depositions if warranted by initial discovery.

  4.5.2 interrogatories to be served by:

   plaintiff(s):____   defendant(s):____

  The parties agree on 30 Interrogatories for the Plaintiff, 30 Interrogatories for Mt. Airy Casino Defendants, and 30 Interrogatories for the Commonwealth Defendants. The parties agree that each party will have leave to request additional Interrogatories if warranted by initial discovery.

  4.5.3 document production requests to be served by:

  The parties agree on Requests for Production for the Plaintiff, 30 Requests for Production for Mt. Airy Casino Defendants, and 30 Requests for Production for the Commonwealth Defendants. The parties agree that each party will have leave to request additional Requests for Production if warranted by initial discovery.

   plaintiff(s):____   defendant(s):____

  4.5.4 requests for admission to be served by:

   plaintiff(s):____   defendant(s):____

  The parties agree on 25 Admissions for Plaintiff, 25 Admissions for Mt. Airy Casino Defendants, and 25 Admissions for the Commonwealth Defendants

  4.6 Discovery of Electronically Stored Information

  Not yet addressed. Plaintiff is unaware of any relevant electronically stored information in his possession at this time.

  Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

  Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0 Protective Order**

 5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective

order under existing Third Circuit precedent.

None at this time.

5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

None at this time.

**6.0 Scheduling**

6.1 Final date for joining additional parties:

_____ Plaintiff(s)
_____ Defendants(s)

6.2 Final date for amending pleadings:
Time permitted pursuant to Statute of Limitations
_____ Plaintiff(s)

_____ Defendants(s)

6.3 All fact discovery commenced in time to be completed by:

9/30/15

6.4 All potentially dispositive motions should be filed by: \_\_11/30/15\_\_

6.5 Reports from retained experts due:

from plaintiff(s) by \_\_9/30/15\_\_

from defendant(s) by \_\_11/30/15\_\_

6.6 Supplementations due \_\_12/15/15\_\_

6.7 All expert discovery commenced in time to be completed by \_\_12/15/15\_\_

6.8 This case may be appropriate for trial in approximately:

\_\_ 240 Days from the filing of the action in this court

\_x\_ 365 Days from the filing of the action in this court

  __ Days from the filing of the action in this court

 6.9 Suggested Date for the final Pretrial Conference:

   ___2/2016___ (month/year)

 6.10 Trial

  6.10.1 Suggested Date for Trial:

   ___3/2016___ (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

 I hereby certify that the following individual(s) have settlement authority.

Glenn Beckwith
Zurich North America
P.O. Box 968064
Schaumburg, IL 60196-8064

Ryan Heilimann
15 School Street
Poughkeepsie, NY 12601

Andrew Rongus for Troopers O'Brien and Nemshick
Name

R. Douglas Sherman for Agent Christopher Cardoni
Name

c/o Jonathan D. Koltash
Litigation Section
Strawberry Square, 15th Floor
Harrisburg, PA  17120
Address

717.783.3146
Daytime Telephone

**8.0  Alternative Dispute Resolution ("ADR")**

 8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

      ADR procedure_____N/A_____

      Date ADR to be commenced___N/A_____
      Date ADR to be completed_____

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Plaintiff believes mediation may be productive.

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:


**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y  _x_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

      ____ Scranton/Wilkes-Barre

      ____ Harrisburg

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated: _____  Brian M. Collins, Esquire, Krasner & Long, 1221 Locust Street, Philadelphia, PA 19107, (215) 731-9500_____

      Attorney(s) for Plaintiff(s)
   X   ECF User(s)
      Waiver requested (as separate document)
      Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: _____  Susan Smith Lloyd, Esquire, Hendrzak & Lloyd, 3701 Corporate Parkway Center Valley, Pa. 18034, (610) 709-8568_

      Attorneys(s) for Defendant(s)
   xG   ECF User(s)
   G   Waiver requested (as separate document)
   G   Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: 04/15/15    Jonathan D. Koltash_____
      Attorney(s) for Defendant(s)
   ■   ECF User(s)
   ☐   Waiver requested (as separate document)
   ☐   Fed. R.Civ. P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

      *s/Jonathan D. Koltash*_____
      Jonathan D. Koltash
      Deputy Attorney General
      Attorney ID # 206234
      Office of Attorney General
      Litigation Section
      15th Floor, Strawberry Square
      Harrisburg, PA  17120
      Direct:  717-783-3146
      Fax:     717-772-4526
      jkoltash@attorneygeneral.gov
      *Counsel for Commonwealth Defendants*